UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:   Roland Weeden, Jr. aka Roland Weeden    Case No. 16-36159 - KLP
Chapter 13

*******************************
U.S. BANK TRUST NATIONAL
ASSOCIATION , AS TRUSTEE OF THE
IGLOO SERIES III TRUST, Movant

vs.

Roland Weeden, Jr. aka Roland Weeden,
Debtor
Carl M. Bates, Trustee
                  Respondent(s)

**CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY**

This matter is scheduled to be heard before the court on April 17, 2019, on the Motion of U.S. BANK TRUST NATIONAL ASSOCIATION , AS TRUSTEE OF THE IGLOO SERIES III TRUST, Movant, by its attorney Dinh Ngo, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated August 24, 2007 and recorded amount the land records of County of City of Richmond, Virginia, and which encumbers the property of the Debtors at 605 Craigie Ave, Richmond, Virginia 23222, and more particularly described as follows:

**EXHIBIT "A"**

**LEGAL DESCRIPTION**

ALL that certain lot or parcel of land with all improvements thereon, lying and being in the City of Richmond, Virginia, and being designated as Lot 3, in Block 'E' as shown on revised plan showing property situated north of Brookland Park Boulevard and east of Alvis Avenue, in 'Roslyn Heights', dated May 11, 1946, made by Chas. H. Fleet, Certified Civil Engineer, and recorded in Plat Book 10, page 28, Richmond Chancery Court, Clerk's Office.

BEING the same property conveyed to Roland Weeden and Jean F. Weeden, his wife, as tenants by the entireties with the right of survivorship as at common law, by Deed from Thomas H. Clark and Dorothy H. Clark, his wife, dated January 4, 1967 and recorded February 16, 1967 in the Clerk's Office, Chancery Court, City of Richmond, Virginia, in Deed Book 643C, page 265. The said Jean F. Weeden subsequently died 6/88 and by operation of law vests fee simple interest unto Roland Weeden, Sr.. The said Roland Weeden, a/k/a Roland Weeden, Sr., subsequently died April 12, 1988, intestate, and by his List of Heirs recorded in Will Book 13, page 398, and the aforesaid property is hereby passed to Roland Weeden, Jr., his son.

18-702828

Upon consideration of which, it is

**ORDERED**

1. The Debtor will resume making regular monthly installment payments in the amount of $642.00 as they become due commencing on February 1, 2019.

2. The Debtors, by **May 30, 2019**, shall obtain approval of a loan modification from the Movant, and file a subsequent Motion to approve the same loan modification to cure the post-petition arrearage currently due to the Movant from June, 2018 through January, 2019; in the total amount of $5,886.00 which less a suspense balance of $281.00 and includes current bankruptcy legal fees and costs of $1,031.00.

3. In the event that Motion to approve the loan modification required by this order is not filed with the Court by **May 30, 2019**, the Debtor consents to the termination of the automatic stay of 11 U.S.C. Section 362(a) effective on **June 1, 2019**, and acknowledges that after the **June 1, 2019**, the Movant may commence or resume foreclosure proceedings, under the terms and provisions of the Note and Deed of Trust referenced above. If relief is granted on **June 1, 2019**, Debtor waives the 14 day stay thereafter.

4. In the event that Motion to approve the loan modification required by this order is filed with the Court by **May 30, 2019**, the Debtor shall get an Order granting the loan modification entered by **June 30, 2019**, otherwise, Debtor consents to the termination of the automatic stay of 11 U.S.C. Section 362(a) effective on **July 1, 2019**, and acknowledges that after **July 1, 2019**, the Movant may commence or resume foreclosure proceedings, under the terms and provisions of the Note and Deed of Trust referenced above. If relief is granted on **July 1, 2019**, Debtor waives the 14 day stay thereafter.

5. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
        i. Cure the default;
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 5(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 5(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

6. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

7. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are without prejudice and shall not constitute a waiver of any default.

8. The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

9. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for the issuance of a certificate of default and preparation of an order terminating the automatic stay.

DONE at **Richmond**, Virginia, Dated: Apr 18 2019 _____

/s/ Keith L. Phillips
_____
Judge, U.S. Bankruptcy Court
Eastern District of Virginia

Entered on Docket:   Apr 19 2019

SEEN AND CONSENTED TO:

_____

/s/  Dinh Ngo, Esq.

18-702828

Dinh Ngo, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, #800
Laurel, MD 20707
VSB #85661
301.490.1196
*Attorney for Movant*

/s/  Amanda Erin DeBerry   (by Dinh Ngo, Esq. with permission from Amanda Erin
Amanda Erin DeBerry     DeBerry based on FAX/email)
Boleman Law Firm, P.C.
PO Box 11588       X  /s/ Dinh Ngo
Richmond, Virginia  23230
*Attorney for Debtor*

/s/  Carl M. Bates
Carl M. Bates       (by Dinh Ngo, Esq. with permission from
P.O. Box 1819       Carl M. Bates based on FAX/email)
Richmond, Virginia  23218
*Trustee*         X  /s/ Dinh Ngo

Local Rule 9022-1(C) Certification

  The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/  Dinh Ngo, Esq.

Certification

  The undersigned certifies that the foregoing Order Granting Relief from Stay is in substantial compliance to the form order required by the Administrative Order and that no modifications, additions, or deletions have been made.

/s/  Dinh Ngo, Esq.

**PARTIES TO RECEIVE COPIES**

Roland Weeden, Jr. aka Roland Weeden
605 Craigie Avenue
Richmond, Virginia  23222

Copies will be sent electronically via the CM/ECF system to Veronica D. Brown-Moseley, Attorney for Debtor and Carl M. Bates, Trustee

18-702828